**13-CV-01176-M**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS TAMAYO and TERESA VEGA
SANDOVAL, husband and wife; and
MARCO A. VEGA SANDOVAL,

           Plaintiffs,

    v.

WASHINGTON STATE HOUSING
FINANCE COMMISSION, an agency of the
State of Washington, and KIM HERMAN,
Executive Director of the Washington State
Housing Finance Commission, in his official
capacity,

           Defendants.

Case No.  C13-1176RSL

ORDER DENYING MOTION
FOR TEMPORARY
RESTRAINING ORDER AND
DENYING REQUEST FOR
ORDER TO SHOW CAUSE

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' complaint (Dkt. # 1) and motion for temporary restraining order and order to show cause (Dkt. # 2). Plaintiffs seek a temporary restraining order and preliminary injunction requiring Defendants Washington State Housing Finance Commission (the "Commission") and Kim Herman (collectively "Defendants") to approve Plaintiffs' participation in a home ownership program that provides a low interest rate and down payment assistance to qualified disabled individuals of low and moderate income.

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AND DENYING REQUEST
FOR ORDER TO SHOW CAUSE - 1

Plaintiffs allege that they have been discriminated against on the basis of disability in violation of the Fair Housing Amendments Act ("FHAA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("Rehabilitation Act"), and 42 U.S.C. § 1983 ("Section 1983). Dkt. # 1 ¶¶ 34-42. Specifically, they assert that Defendants denied them the benefits of one of the Commission's home ownership programs on the basis of disability and failed to accommodate them. Id. ¶¶ 1-3. In addition to seeking preliminary injunctive relief, Plaintiffs seek relief in the form of a declaratory judgment and costs and attorney's fees. Id. ¶¶ 43-45.

Having reviewed Plaintiffs' complaint, the exhibits attached thereto, and the parties' memoranda and supporting documents, the Court DENIES Plaintiffs' motion.[1]

## II. DISCUSSION

### A. Background

Marco Sandoval ("Marco") is a disabled man who lives with his sister, Teresa Vega Sandoval ("Teresa"), and Teresa's husband, Jesus Tamayo ("Jesus"). Id. ¶ 6. Marco is able to care for himself and maintain stable employment, but he has no credit history. Dkt. # 2-1 at 10. In January 2013, Teresa and Jesus began exploring loan opportunities that would enable them to buy a house.

A few months later, Karin Koenig, a Loan Officer at HomeStreet Bank ("HomeStreet"), suggested that Teresa and Jesus consider applying for a home ownership program provided by the Commission. She prepared a document comparing six different loan options, including one option entitled "Disable DPA." Dkt. # 2-7 at 3. This option provided a lower interest rate and down payment assistance by participating in the Commission's HomeChoice Down Payment Assistance Program ("HomeChoice

---

[1] The Court finds this matter suitable for decision on the papers submitted. Plaintiffs' request for oral argument is therefore DENIED.

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AND DENYING REQUEST
FOR ORDER TO SHOW CAUSE - 2

1  Program"). Id. The HomeChoice Program provides down payment assistance to

2  disabled individuals of low and moderate income in the form of a second mortgage.

3  Dkt. # 10 ¶ 12. It is designed to provide qualified disabled individuals access to the

4  benefits of home ownership. Id. Before a person can apply for the HomeChoice

5  Program, a second mortgage program, the person must qualify for a first mortgage loan

6  through one of the Commission's other programs. Id. ¶ 17.

7       To be eligible for the HomeChoice Program, an individual must also attend a

8  home-buyer education seminar and receive a certificate of completion, meet with a

9  participating lender, be determined eligible for the program by the lender, receive

10  approval for a loan from the lender based on the lender's requirements, and obtain a

11  purchase and sale agreement. Dkt. # 10-1 at 2. If the disabled applicant is over the age

12  of 18, he must sign the note and deed of trust as a borrower or have his legal guardian

   sign the note and deed of trust on his behalf. Id. ¶¶ 15, 19.

13       Teresa and Jesus completed a home-buyer seminar in April 2013, and even

14  though they had not yet been approved for financing by HomeStreet, executed a

15  purchase and sale agreement for a house in Renton, Washington. Dkt. # 8-2 at 5. The

16  purchase, however, was contingent on Teresa and Jesus obtaining a House Key

17  Opportunity Program ("House Key Program") loan. Id. at 10. The House Key Program,

18  a program no longer offered by Commission, used to provide qualified individuals an

19  opportunity to secure a federally insured loan from a participating lender. Dkt. # 10 at 3.

20  The Commission stopped offering that program on June 26, 2013, due to lack of funds.

21  Id. at 4.

22       Shortly after signing the purchase and sale agreement, Plaintiffs learned that

23  Marco did not meet the requirements for the HomeChoice Program. Because Marco has

   no credit history, Homestreet did not approve of him as a borrower and therefore, he

24

25  ORDER DENYING MOTION FOR TEMPORARY
   RESTRAINING ORDER AND DENYING REQUEST
26  FOR ORDER TO SHOW CAUSE - 3

1    could not sign the note and deed of trust for the loan.  Dkt. # 2-9 at 2.  In addition,

2    Teresa could not sign as his legal guardian because she is not his court appointed

3    guardian.  Dkt. # 2-1 at 10.  Plaintiffs acknowledge that Marco is legally competent and

4    does not need a court approved legal guardian.  Id.

5             In an attempt to circumvent the precise requirements of the HomeChoice

6    Program, Plaintiffs submitted a power of attorney form recently executed by Marco.

7    However, the Commission found this document insufficient to qualify Marco for the

8    HomeChoice Program because it does not establish that Teresa is Marco's full legal

9    guardian.  The Commission suggested that Teresa explore one of it's other home

10   ownership assistance programs.  Dkt. # 10-3 at 4.  Plaintiff's counsel asked the

11   Commission to accommodate Marco's disability by making an exception in the

12   HomeChoice Program requirements.  The Commission denied the request and Plaintiffs

     filed suit.

13   **B. Analysis**

14         **1. Standard**

15            Although the procedure for obtaining a temporary restraining order differs from

16   that which is applicable in the preliminary injunction context, the factors considered by

17   the Court are the same.  A plaintiff seeking preliminary injunctive relief "must establish

18   that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

19   the absence of preliminary relief, that the balance of equities tips in his favor, and that

20   an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555

21   U.S. 7, 20 (2008).  "[S]erious questions going to the merits and a hardship balance that

22   tips sharply toward the plaintiff can support issuance of an injunction, assuming the

23

24

25   ORDER DENYING MOTION FOR TEMPORARY
     RESTRAINING ORDER AND DENYING REQUEST
26   FOR ORDER TO SHOW CAUSE - 4

1 | other two elements of the <u>Winter</u> test are also met." <u>Alliance for the Wild Rockies v.</u>

2 | <u>Cottrell</u>, 632 F.3d 1127, 1132 (9th Cir. 2011).[2]

3 |     There are two forms of preliminary injunctions. "A prohibitory injunction

4 | prohibits a party from taking action and preserves the status quo pending a

5 | determination of the action on the merits." <u>Marlyn Nutraceuticals, Inc. v. Mucos</u>

6 | <u>Pharma GmbH & Co.</u>, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation marks

    and alterations omitted). "A mandatory injunction orders a responsible party to take

7 | action." <u>Id.</u> at 879 (internal quotation marks omitted). Mandatory injunctions are

8 | generally disfavored and "are not granted unless extreme or very serious damage will

9 | result and are not issued in doubtful cases or where the injury complained of is capable

10 | of compensation in damages." <u>Id.</u> (internal quotation marks omitted). A district court

11 | should deny a request for a mandatory injunction "unless the facts and the law clearly

12 | favor the moving party." <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1320 (9th Cir. 1994)

13 | (internal quotation marks omitted).

14 |     Plaintiffs here do not seek to preserve the status quo pending a resolution on the

15 | merits. Instead, they request preliminary injunctive relief that requires Defendants to

16 | act. Dkt. # 2 at 1-2. As a result, Plaintiffs must meet the Ninth Circuit's heightened

17 | burden for a mandatory injunction and the Court should deny their request "unless

18 | extreme or very serious damages will result." <u>Park Village Apartment Tenants Ass'n v.</u>

19 |

20 |     [2] Plaintiffs contend that they are not required to establish a likelihood of irreparable harm because they seek an injunction to prevent violations of federal statutes that expressly provide injunctive relief as a potential remedy. Dkt. # 2-1 at 7-8 (citing <u>Trailer train Co. v.</u>

21 | <u>State B.d of Equalization</u>, 697 F.2d 860, 869 (9th Cir. 1983); <u>Marxe v. Jackson</u>, 833 F.2d 1121, 1128 n.3 (3rd Cir. 1987)). In response, Defendants argue that the remaining validity of this

22 | categorical approach in the Ninth Circuit is uncertain in the wake of the Supreme Court's decision in <u>eBay, Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 393 (2006). Dkt. # 9 at 10 n.4

23 | (citing <u>Meyer v. Portfolio Recovery Assoc., LLC</u>, 707 F.3d 1036, 1044 (9th Cir. 2012). Because Plaintiffs have not shown a likelihood of success on the merits, the Court need not

24 | resolve this issue.

25 | ORDER DENYING MOTION FOR TEMPORARY

26 | RESTRAINING ORDER AND DENYING REQUEST FOR ORDER TO SHOW CAUSE - 5

1  Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011) (internal quotation marks
2  and alterations omitted).

3       **2. Likelihood of Success on the Merits**

4       Despite Plaintiffs' lengthy summary of the communications between the
5  Commission and Plaintiffs' counsel after Plaintiffs made an offer on a house in early
6  June 2013, Dkt. # 1 ¶¶ 20-32, Plaintiffs do not clearly identify their particular claims or
7  the elements of their claims. Plaintiffs' motion provides general statements of law, but
   fails to establish a likelihood of success on their FHAA and ADA claims. See e.g., Dkt.
8  # 2-1 at 9-10.

9       Discrimination claims brought under the FHAA may be raised under theories of
10 disparate treatment and disparate impact. Gamble v. City of Escondido, 104 F.3d 300,
11 304-05 (9th Cir. 1997). The four elements of a prima facie case of disparate treatment
12 are (1) the plaintiff is a member of a protected class; (2) he applied for a house and was
13 qualified to buy it; (3) the sale was denied despite plaintiff being qualified; and (4)
14 defendant approved a home sale for a similarly situated person. McDonald v. Coldwell
15 Banker, 543 F.3d 498, 505 (9th Cir. 2008).

16      Here, the only Plaintiff alleged to be a member of the protected class is Marco.
17 See Dkt. # 1 ¶ 6. However, Marco has not applied to purchase a house or participate in
18 the HomeChoice Program, dkt. # 7-8 at 2 ("Ms. Vega Sandoval applied for financing
19 under the HomeChoice [P]rogram."); see dkt. # 2-8 at 2-3, 5; nor is he qualified to
20 receive a loan to purchase a house as he lacks any credit history, Dkt. # 2-9 at 2.
21 Because Plaintiffs have not demonstrated that they can establish a prima facie case of
22 disparate treatment under the FHAA, they have not shown a likelihood of success on the
   merits.
23

24

25 ORDER DENYING MOTION FOR TEMPORARY
   RESTRAINING ORDER AND DENYING REQUEST
26 FOR ORDER TO SHOW CAUSE - 6

1    Similarly, Plaintiffs have not shown a likelihood of success on their disparate

2    impact claims because they have not shown that Defendants' actions have had a

3    discriminatory effect.  See Gamble, 104 F.3d at 306.  There is no evidence in the record

4    from which the Court may infer that the eligibility requirements of the HomeChoice

5    Program have a significantly adverse or disproportionate impact on disabled individuals.

6    Plaintiffs have not presented any statistics or other proof to support such an inference.

7    Thus, Plaintiffs have not established a likelihood of success on the merits of a disparate

8    impact claim.

9         Plaintiffs' failure to accommodate claim is equally unsupported by the record

10   before the Court.  To prevail on a failure to accommodate claim under the FHAA, a

11   plaintiff must prove all of the following elements: "(1) that the plaintiff or his associate

12   is handicapped with in the meaning 42 U.S.C. § 3602(h); (2) that the defendant knew or

13   should reasonably be expected to know of the handicap; (3) that accommodation of the

14   handicap may be necessary to afford the handicapped person an equal opportunity to use

15   and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant

16   refused to make the requested accommodation." Dubois v. Ass'n of Apartment Owners

17   of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006).

18        Plaintiffs have not made any showing that an exception to the HomeChoice

19   Program's eligibility requirements may be necessary to afford Marco an equal

20   opportunity to use and enjoy the house for which Teresa and Jesus signed a purchase

21   and sale agreement.  Put another way, Plaintiffs have not provided any evidence that the

22   requirement that the disabled individual or his full legal guardian sign the note and deed

23   of trust caused Marco's loss use and enjoyment of the home. See United States v. Cal.

24   Mobile Home Park Mgmt Co., 107 F.3d 1374, Plaintiffs fail to show that Marco would

25   qualify for the HomeChoice Program even if Teresa were Marco's legal guardian.  For

26   ORDER DENYING MOTION FOR TEMPORARY
     RESTRAINING ORDER AND DENYING REQUEST
     FOR ORDER TO SHOW CAUSE - 7

example, even though the record suggests that Teresa and Jesus attended the requisite home-buyer education seminar, there is no suggestion that Marco ever attended a similar seminar. Furthermore, Plaintiffs' complaint and motion are silent as to whether Marco meets the income limit for the HomeChoice Program or qualifies for the Commission's primary first mortgage loan program, both of which pre-requisites for the HomeChoice Program. See Dkt. # 2-4 at 4; Dkt. # 10-1 at 2-3.

Furthermore, Plaintiffs seek a reasonable accommodation not only for Marco, the handicapped individual, but also for Teresa and Jesus, who appear from the record not to be disabled. Plaintiffs fail to show that participating in the HomeChoice Program is necessary to allow Marco's use and enjoyment of the house. Based on this record, the Court finds that Plaintiffs have not shown a likelihood to succeed on the merits.

### 3. Serious Harm

Plaintiffs' motion for preliminary injunction also fails because they have not met the heightened standard required for a mandatory injunction. See Park Village Apartment Tenants Ass'n, 636 F.3d at 1161. Plaintiffs' proposed remedy goes well beyond preserving the status quo pending a resolution on the merits. It would require Defendants to approve Plaintiffs for the HomeChoice Program despite Plaintiffs' failure to satisfy its requirements.

Plaintiffs contend that they will be forced to pay nearly $100,000 more for the house of their choice if they are not approved for the HomeChoice Program. Dkt. # 2-1 at 8. While this is not an insignificant sum of money, it is just that, money. A mandatory injunction is inappropriate where the plaintiff seeks money damages because that party has an adequate remedy at law. Marlyn Nutraceuticals, Inc., 571 F.3d at 879; Stanley, 13 F.3d at 1320-21. The Court's finds Plaintiffs potential economic injury insufficient to warrant the issuance of a mandatory injunction.

1    For all of the foregoing reasons, the Court DENIES Plaintiff's motion for a

2    temporary restraining order and order to show cause (Dkt. # 2).

3

4    DATED this **23** day of July, 2013.

5

6

7    Robert S. Lasnik

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER DENYING MOTION FOR TEMPORARY
      RESTRAINING ORDER AND DENYING REQUEST
      FOR ORDER TO SHOW CAUSE - 9